## Eugene T. Miller v. Joseph Simons et al., Ex'rs, and Hope S. Davis.

1. SET-OFF—*Board and Lodging Against Interest.*—As the evidence in this case shows that the plaintiff was boarded and lodged by his father during all the time for which interest is claimed, this court holds that

the trial court properly refused to allow him interest on his claim against his father's estate.

2. FINDINGS BY THE COURT—*Sustained by the Evidence.*—The court reviews the evidence, and holds that it sustains the findings of the trial court, and that the judgment must be affirmed.

3. COUNTY COURTS—*Have Equitable Jurisdiction in the Settlement of Estates.*—In the settlement of estates, the County Court has both legal and equitable jurisdiction in the allowance of money demands, and can pass upon the claim of a partner, against the estate of a deceased partner, for a share of the profits of the partnership business.

Claims in Probate.—Error to the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

GEO. H. WILSON and J. F. CARROTT, attorneys for plaintiff in error.

JAMES N. SPRIGG, attorney for defendants in error.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

For many years prior and up to the year 1875, George A. Miller was conducting, in the city of Quincy, Adams county, Illinois, a general drug and book store; from about 1865 until 1875 Eugene T. Miller worked as a clerk for his father in this drug and book store, at $50 per month. Commencing in 1875, there was conducted in said store building the manufacture of " Aniline " for the retail trade, in addition to the sale of drugs and books; and this continued until the year 1886, with plaintiff in error continuing to work in the store with his father, and some of that time he traveled and sold " aniline," which was manufactured in this store. This drug and book store, both before and after the " aniline business" was added, was conducted in the name of " George A. Miller." From 1875 to 1886 the business done in this store was kept in books of original entry, numbered 1, 2, 3 and 4. These books contained entries made by George A. Miller, the father, and Eugene T. Miller, the son, and some were made by another son, Alexander T. Miller. On January 22, 1888, George A.

Miller died testate, his last will and testament being dated January 28, 1876, there being a codicil added thereto, dated January 16, 1886. At his death, George A. Miller left a widow named Anna P. Miller, and seven children, named as follows: Alexander T. Miller, Eugene T. Miller, George Miller, Mrs. Fannie Bunting, Mrs. Simons and the two Mrs. Sprague. By his last will and testament George A. Miller named his sons, Eugene T. and Alexander T. Miller, executors, and his widow, Anna P. Miller, executrix, and by the codicil thereto he named his son-in-law, Joseph Simons, one of the executors. All the persons named as executors and executrix qualified as such, shortly after the death of George A. Miller. From the beginning of the administration, Eugene T. Miller, the plaintiff in error and one of the executors, took entire charge of the administration of the estate of his father, and had charge, as such executor, of all the books and papers of said estate (except book No. 4); and he prepared and had filed in the County Court of Adams County such inventory and reports of the estate as were filed. On December 10, 1889, Eugene T. Miller, plaintiff in error, filed in the office of the clerk of the County Court of Adams County two claims, as follows:

ONE CLAIM.

QUINCY, ILL., Jan. 1, 1886.

GEO. A. MILLER Estate,
                    To Eugene T. Miller,

Dr. for one-half the profits of the "Aniline Business," as per statement attached: .

Cash Aniline profits.........................$20,958 50
Mdse. Aniline profits........................ 5,461 63

                                             $26,420 13
Less half...................................$13,210 06

Interest                                     $13,210 07

As the entire cash proceeds of this business were drawn and used by George A. Miller for his own purpose, legal

interest is claimed on the amount, which should have been paid to E. T. M. from time to time. It was the agreement that E. T. Miller should have a salary of one-half the profits of the aniline business.

Aniline Business from January 1, 1875, to January 1, 1886.

GROSS SALES ANILINE.

| Cash Sales | | .................... | 1875 | $11,738 85 | |
| " | " | .................... | 1876 | 5,924 85 | |
| " | " | .................... | 1877 | 5,875 15 | |
| " | " | .................... | 1878 | 3,940 40 | |
| " | " | .................... | 1879 | 2,643 30 | |
| " | " | .................... | 1880 | 3,270 43 | |
| " | " | .................... | 1881 | 3,496 30 | |
| " | " | .................... | 1882 | 4,007 45 | |
| " | " | .................... | 1883 | 3,784 95 | |
| " | " | .................... | 1884 | 990 95 | |
| " | " | .................... | 1885 | 331 75 | $46,004 40 |
| | | | | | |
| Stock and Expenses | | ......... | 1875 | $4,699 16 | |
| " | " | .......... | 1876 | 3,451 40 | |
| " | " | .......... | 1877 | 2,416 00 | |
| " | " | .......... | 1878 | 2,095 55 | |
| " | " | .......... | 1879 | 1,267 00 | |
| " | " | .......... | 1880 | 1,750 15 | |
| " | " | .......... | 1881 | 1,896 90 | |
| " | " | .......... | 1882 | 1,953 95 | |
| " | " | .......... | 1883 | 1,951 35 | |
| " | " | .......... | 1884 | 411 50 | |
| " | " | .......... | 1885 | 515 60 | $22,408 55 |

Deduct G. A. M. Personal..$ 87 50
Entered by Error.......... 648 15

735 . 65

Gross Expense Account.......　.　　$21,672 90

Net Profit..........................$24,331 50

Miller v. Simons.

LIABILITIES.

Back rent due G. A. M. agreed $3,300 for room 11 years.
Cash due G. A. M. Jan. 1, '75...................$    73 00
    Original capt..............................  3,373 00

                                            _____

    Cash aniline profit...................$20,958 50
        Stock (taken in trade for aniline.)
Exchange to Missouri land, 1885...........$1,600 00
Merchandise to family 11 years...........    500 00 agreed
On hand Dec. 31, 1885....................  3,461 63

                                            _____

                                        .  $5,561 63

LIABILITIES.

Aniline stock from G. A. M................$  100 00

                                            _____

    Stock profit ............................$5,461 63
    This statement is from the records of the business as kept
from year to year, except rent and merchandise to G. A.
M. family. The stock item disposed of above, and on hand,
represents stock accumulated in the progress of the aniline
business and none other.

PROFITS OF THE ANILINE BUSINESS TO JAN. 1, 1886.

Drawn by G. A. M. cash to Hampshire St. prop-
                            erty............$ 6,755 14
  "    "    "    "    " Dills building, vari-
                            ous dates.......  4,694 25
  "    "    "    "    " Mill in fall of 1879.  1,549 90
  "    "    "    "    " Alex. T. Miller, Feb.
                            1879...........  3,200 00
  "    "    "    "    " Alex. T. Miller, Mar.
                            10, 1884........  6,020 00
  "    "    "    " in safe Dec. 31, 1885..    239 25
  "    "    "    Mdse. to Missouri land May,
                            1885...........  1,600 00
  "    "    "    " on hand Dec. 31, 1885  3,461 63

                                            _____

                                        $27,520 17

The last two items of merchandise represents merchandise accumulated in the progress of the aniline business and no other."

Affidavit of Eugene T. Miller to the foregoing claim, stating the sum of $13,207.10 to be due and unpaid.

Other claim of Eugene T. Miller against the estate of George A. Miller, deceased:

"QUINCY, ILL., Jan. 1, 1886.

Estate of George A. Miller to Eugene T. Miller.

Dr.

1875.

Jan 1, to cash..................................$6,000 00

Cr.

| | | |
|---|---|---|
| 1875, By cash........................$ 57 95 | | |
| 1876, "  " ........................ 46 30 | | |
| 1877, "  " ........................ 45 00 | | |
| 1878, "  " ........................ 37 00 | | |
| 1879, "  " ........................ 88 00 | | |
| 1880, "  " ........................ 117 55 | | |
| 1881, "  " ........................ 30 75 | | |
| 1882, "  " ........................ 60 00 | | |
| 1883, "  " ........................ 45 35 | | |
| 1884, "  " ........................ 44 00 | | |
| 1885, "  " ........................ 76 25 | 648 15 | |

$5,351 85

Legal interest is claimed on the above, as usually calculated, from January 1, 1875.

Affidavit of Eugene T. Miller of December 10, 1889, to the foregoing claim, stating $5,351.85, with interest, to be due and unpaid."

These claims were heard in the County Court of Adams County, at the March term thereof, 1891, and resulting in that court allowing claimant the sum of $6,000, to be paid him out of said estate, in due course of administration, as a claim of the seventh class. From this order of the said County Court, claimant, Eugene T. Miller, appealed to the Circuit Court of Adams County, where a trial was had

July 9, 1891, on said claims, before the court, without a jury, and said Circuit Court found that the claimant, Eugene T. Miller, was entitled to recover on his said $6,000 claim, from the estate of George A. Miller, deceased, the sum of $5,400, and no more, and allowed said amount to him against said estate, as a claim of the seventh class, to be paid in due course of administration; "and as to the said claim of $13,210.09 and interest, the Circuit Court ordered and adjudged that the same be and is hereby dismissed by the court for want of jurisdiction." From which findings and judgment of said Circuit Court, plaintiff in error brings this case to this court on writ of error, sued out July 3, 1896. On the trial of these claims in the Circuit Court, the will of George A. Miller was offered in evidence by claimant, and admitted without objection—the material parts of which will are as follows:

Last will of George A. Miller.

"I, George A. Miller, of Quincy, in the county of Adams and State of Illinois, do hereby make and declare this, my last will and testament.

First. It is my will that my funeral expenses and all just debts be fully paid.

Second. I give, devise and bequeath unto my beloved wife, Anna P. Miller, and my sons, Eugene T. Miller and Alexander T. Miller, all my estate, real, personal and mixed, and wheresoever situated, but in trust for the following uses and purposes, namely: first, to carry on, for such period as they may deem best, the business in which I may be engaged at the time of my decease; and I hereby appoint my said wife, Anna P. Miller, and my sons, Eugene T. Miller and Alexander T. Miller, executors of this will, the survivor or survivors of them to act as well in the capacity of executors as that of trustees herein; my said executors and trustees may, if they deem it proper, sell any or all of the premises and property hereby bequeathed to them, in trust as aforesaid—it being my will that all said property, so held in trust, shall be for the benefit of each and all of my children alike, share and share alike, it not being my wish to make any distinction among my children.

Third.    It is my will that my said trustees and executors, or the survivors of survivor of them, be exempted from giving bonds as such executors and trustees, nor shall they or any of them, be entitled to any fees as such, and they shall have power to collect all dues to my estate, make all needful and just payments and settlements of claims against my estate, to close out the business, either in whole or in part, as it may seem best for the interest of the estate.  And my said executors, or the survivors of them, upon the decease of my said wife, shall divide all the remainder of my estate, share and share alike, among all my children, including the said Eugene T. and Alexander T. Miller—the descendants of any deceased child taking the share of their deceased parent, if there be more than one, and if only one, such one taking the whole share of his or her deceased parent.

Fourth.    It is my will, anything hereinbefore to the contrary notwithstanding, that my wife shall have, for and during her natural life, my store property on the corner of Sixth and Hampshire streets, and my homestead property on Kentucky street, in Quincy, Illinois; *the income from said property which may remain unexpended by my said wife;* my lots on Twelfth street, Quincy, Illinois, and all other real and personal property, not including my said store and homestead, *shall, if need be, used first as my said executors, or the survivors or survivor of them may think best, to pay off the debts due to my two sons, Eugene T. and Alexander T. Miller, or* other debts, if any, or dividends under this will."

Claimant also offers in evidence entry on page 112, of book No. 4, of the store books of George A. Miller, which is as follows:

"Page 112, book 4.   Personal account—E. T. M. to G. A. M.   1875.

| | | |
|---|---:|---:|
| Jan. | $ 16 | 55 |
| Feb. | 1 | 50 |
| Mch. | 3 | 25 |
| June | 6 | 00 |
| July | 9 | 15 |

Miller v. Simons.

| | | |
|---|---:|---:|
| Aug. | 11 | 40 |
| Sept. | 2 | 35 |
| Oct. | 4 | 85 |
| Nov. | 5 | 25 |
| Dec. | 3 | 65 |
| 1876 | 46 | 30 |
| 1877 | 45 | 00 |
| 1878 | 37 | 00 |
| 1879 | 88 | 00 |
| 1880 | 117 | 55 |
| 1881 | 30 | 75 |
| 1882 | 60 | 00 |
| 1883 | 45 | 55 |
| 1884 | 44 | 00 |
| 1885 | 76 | 25 |

$648 15"

And books Nos. 1, 2, 3 and 4 were introduced also in evidence by claimant, and were admitted by defendants below, defendants in error here, as the books of original entry of G. A. Miller, deceased, that they were correct, and represented the eleven years of business in question.

Pages 131 and 133, book 4, contained two statements of George A. Miller, headed, "To whom it may concern," which are as follows:

Page 131, Book 4.

" To whom it may concern,

QUINCY, ILL., January 1, 1886.

This is my view and understanding of the business between Eugene and myself. Although there has been no written or other expressed understanding at the commencement, it is evident to all parties who have known anything about it that we are doing business as partners; every act of ours, collectively or individually, shows and confirms it; each and either of us assumed and exercised ownership over the business and its property, and there is nothing in law or justice to the contrary; as to the property acquired in the course of the business each one of us is fully equally responsible for, whether it was with or without the consent of the

other, as there was no limit or guide to our operations in any way, each one traded as he thought best with the means and property of the concern, for the concern, and now in regard to the final settlement of this business, up to January, 1886 (eighteen eighty-six). I agree to divide the net assets on hand this first day of 1886. See page 128.

Although Eugene has given me all share or interest he may have in the business by his receipt in full, I except the gift.

But, nevertheless, hold myself and administrators ready to give him it or its equivalent back to him.

GEORGE A. MILLER."

Page 133, Book 4:

" To whom it may concern:

QUINCY, ILL., January 1, 1886.

In settling with Eugene, you must understand that the six thousand dollars I owe him has nothing to do with our partnership business; his account previous to 1875 should be deducted, which account is between six and seven hundred dollars.

Now, if he wishes interest allowed him on the six thousand dollars, then charge him for board, washing and other privileges and attentions just as much as he charges interest. I never expected him to charge interest, and so long as he boards at home and is not paid his six thousand dollars, so long shall he allow the interest for his board. In regard to the six thousand dollars, my intention and idea was and is, that he is to have just six thousand dollars more than an equal share of my estate for and in full of all claims.

GEORGE A. MILLER."

The testimony on the trial in the Circuit Court also shows that plaintiff in error, in the latter part of 1885, or the first part of 1886, executed and delivered to his father a writing, being a receipt in full for his share or interest in the "Aniline Business;" and that after his father's death he (plaintiff in error) destroyed it. No proposition or propositions of law were presented to the court below, by either side, to be held or refused as the law of this case.

In this court, the plaintiff in error assigns numerous errors on the record; and the defendants in error also assign numerous cross-errors on the record.

Plaintiff in error, under his errors assigned, insists, in his briefs filed in this court, first, that the lower court erred in not allowing him legal interest from January 1,1875, on the $5,400 allowed him on his $6,000 claim. But we think, inasmuch as the evidence shows that he was boarded and lodged by his father from January 1, 1875, until the death of his father, that no interest on that sum ought to have been allowed him, hence the Circuit Court committed no error in not allowing interest to him on that claim. Plaintiff in error insists, second, that the lower court erred in dismissing his $13,210 claim, for his one-half of the profits of the "Aniline Business," from 1875 to 1886. But, from all the evidence, when carefully considered, it does not satisfactorily appear to us, that after considering and allowing the necessary expenses incurred in conducting that business, the fair allowance for the capital and store-house, furnished by his father in conducting the business, and the cost of the material furnished in compounding the dye stuffs used in that business, there was any profit to be divided between his father and himself; the burden of showing profits to be divided was upon plaintiff in error, as claimant, in the court below. Hence, the Circuit Court committed no error in dismissing this claim. As we view it, it makes no difference whether we consider plaintiff in error as a partner, or as a clerk of his father in the "Aniline Business," because the County Court in trying the claims of plaintiff in error against his father's estate, under its equitable as well as legal powers, had jurisdiction whether the claim for half the profits of the "Aniline Business" was as partner, or clerk. In the case of James P. Westbay v. Robert E. Y. Williams, 5 Ill. App., at page 528 of the opinion, this court, by Higbee, J., said: "In the settlement of estates, the County Court has both legal and equitable jurisdiction in the allowance of money demands." See also Moore v. Rogers, 19 Ill. 347; Dixon v. Buell, 21 Id. 203; In re Steel, 65 Id. 322; Brandon v. Brown,

106 Id. 519; Schlink v. Maxton, 153 Id. 447. And as the County Court had jurisdiction, then on appeal to the Circuit Court, that court likewise had jurisdiction.

Defendants in error, under their cross-errors assigned, insist that the court below erred in allowing plaintiff in error $5,400 on his $6,000 claim. First, because they say the statute of limitations applies, that claim being more than five years old. We think there is sufficient evidence to take this claim out of the statute of limitations, contained in the last will and testament of George A. Miller, quoted above, and the written statement in the handwriting of, and signed by George A. Miller, dated Quincy, Ill., January 1, 1886, on page 133, of book 4, together with the testimony given by the various witnesses on the trial of this case. Defendants in error, secondly, insist that plaintiff in error is bound by the receipt in full which he gave his father, and which, after it came into his hands as executor, he destroyed, hence, it was error in the court below to allow him $5,400 on his $6,000 claim. We can not come to that conclusion, because George A. Miller, in his written statement on page 131, book 4, dated Quincy, Ill., January 1, 1886, referring to this receipt, says: "Although Eugene has given me all share or interest he may have in the "Aniline Business," by his receipt in full, I (accept) except the gift." Hence, we know, although the receipt was destroyed, that it was a receipt for Eugene's interest, or claim in the "Aniline Business," and did not include the money due him on the $6,000 claim. Therefore, finding no error in this record, we affirm the judgment of the Circuit Court herein, with costs to plaintiff in error. Judgment affirmed.